# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00037 |
| v. ) | **OPINION** |
| ) | |
| **LONNIE EDWARD MALONE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lonnie Edward Malone, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). After review of the record, I conclude that the defendant's current claims are barred from review under § 2255 by his valid Plea Agreement waiver. Therefore, I will grant the United States' Motion to Dismiss.

I

A. Criminal Proceedings.

Lonnie Edward Malone was indicted on June 5, 2007, for distribution of crack cocaine and methamphetamine, possession of firearms in furtherance of a drug trafficking offense, and related offenses. In August 2007, Malone's retained

attorney advised him of a proposed plea agreement allowing him to plead guilty to Count One, the charge that he had possessed a short-barreled shotgun in furtherance of drug trafficking, which subjected Malone to a mandatory minimum sentence of 10 years. Malone did not accept this first plea offer.[1]

In September 2007, the grand jury returned a Superseding Indictment, which added Count Six, charging that Malone and codefendant Valerie Chapman conspired to distribute five grams or more of cocaine base and 500 grams or more of methamphetamine. The government then offered a second proposed plea agreement under which Malone would plead to Counts One and Six, subjecting him to mandatory minimum sentences totaling 20 years.

Malone accepted a third proposed plea agreement allowing him to plead guilty to the short-barreled shotgun offense and to conspiracy to distribute and possess with the intent to distribute only 50 grams or more of methamphetamine, a lesser included offense of the 500 gram conspiracy offense charged in the Superseding Indictment.[2] Under Malone's Plea Agreement, he was subject to a

---

[1] Evidence in the record indicates that after the prosecutor extended the first plea offer, Malone attempted to provide substantial assistance. Based upon the prosecutor's belief that he did not offer helpful information, she did not make any further concessions. (2255 Hr'g Tr. 30-31, Mar. 2, 2010.) Trial counsel has also submitted an affidavit, stating that he had "strongly encouraged" Malone to accept the plea offer. (Proctor Aff. ¶ 5, Feb. 2, 2009) (ECF No. 133-3.)

[2] According to Paragraph 60 of Malone's Presentence Investigation Report (ECF No. 206), if Malone had proceeded to trial on all charges of the indictment, he would

five-year mandatory minimum sentence on the drug offense and a 10-year mandatory minimum sentence on the firearm offense. The agreement also provided that Malone waived his right to appeal and his right to bring a collateral attack on the judgment under § 2255.[3] In exchange for his plea, the government agreed to move for dismissal of the other charges and to recommend a reduction for acceptance of responsibility.

After conducting a change-of-plea colloquy on February 29, 2008, I found that Malone was entering his plea knowingly and voluntarily. I sentenced him on May 28, 2008. Because of the amount of drugs involved and an enhancement for Malone's leadership role, his guideline range for the drug offense was 210 to 262 months. I sentenced him to 210 months on that offense and to a consecutive term of 120 months (the statutory mandatory minimum sentence) on the firearm offense, for a total sentence of 330 months in prison. No appeal was filed.

---

likely have faced a guideline range of 292 to 365 months in prison on the drug charges alone.

[3] This waiver provision reads, in pertinent part: "I agree not to collaterally attack the judgment, sentence imposed or forfeiture judgment in this case and waive my right to collaterally attack [under § 2255] the judgment and any part of the sentence imposed upon me by the Court." (Plea Agreement ¶ 9.)

B. Malone's 2255 Motion in 2008.

In November 2008, Malone filed a § 2255 motion, alleging the following grounds for relief: (1) counsel provided ineffective assistance regarding the first and third plea agreements offered by the government; (2) the guilty plea was invalid because Malone was under the influence of medication during the plea hearing; (3) counsel was ineffective because he (a) coerced Malone into pleading guilty; (b) did not request an evidentiary hearing; (c) did not object that the government's evidence at sentencing was unsubstantiated; (d) did not object to the Presentence Investigation Report ("PSR") or other sentencing issues; (e) did not file a notice of appeal after Malone asked him to do so; and (f) did not appeal the denial of the motion to suppress. The government moved to dismiss on the ground that review of Malone's claims was barred by his Plea Agreement waiver of § 2255 rights, and Malone responded.

I granted the government's motion in part and dismissed Malone's Claims 1, 2, 3(a)-3(d), and 3(f). *United States v. Malone*, No. 1:07CR00037, 2009 WL 4571795 (W.D. Va. Dec. 7, 2009). Specifically, I found under *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005), that:

> Malone's statements under oath during the guilty plea hearing support a finding that his plea was valid. His statements gave every indication that he understood the proceedings, the elements of the charges, the evidence against him, the potential sentences he faced, and the consequences of his plea and plea agreement, including his waivers of

> his right to appeal and his right to bring this collateral attack under § 2255.

2009 WL 4571795, at *4. I addressed Malone's ineffective assistance allegations only to the extent that they had any bearing on the validity of his guilty plea and waiver, finding that because "Claims 1(a), 1(b), 3(a), and (f) [were] in direct contradiction of Malone's testimony during the plea hearing, under oath," these claims were "'palpably incredible' so as to warrant summary dismissal." *Id.* at *5. Finding that "Malone's claims of ineffective assistance as to sentencing issues [had] no bearing on the validity of his guilty plea or his plea agreement waiver of the right to bring this § 2255 motion," *id.*, I found that the waiver was valid and barred § 2255 review on the merits of Claims 1(a), 1(b), 2, 3(a), 3(b), 3(c), 3(d), and 3(f). *Id.*

I denied the government's Motion to Dismiss as to Claim 3(e), alleging counsel's failure to file a requested notice of appeal, appointed counsel, conducted an evidentiary hearing on this issue, and ultimately denied Malone's motion as to this claim as well. *United States v. Malone*, 713 F. Supp. 2d 560 (W.D. Va. 2010). Malone noted an appeal and the court of appeals granted a certificate of appealability and reversed on the ground that counsel's consultation concerning an appeal had been inadequate. *United States v. Malone*, 442 F. App'x 864, 868 (4th Cir. 2011) (unpublished). The court of appeals remanded for reentry of his sentence, so that he might have a second chance to appeal. *Id.*

## C. Malone's Belated Appeal.

Consistent with the Fourth Circuit's ruling that Malone must be granted an opportunity to appeal, this court reentered a second Judgment on October 13, 2011. An appeal was noted. Malone's appellate counsel filed an *Anders* brief,[4] arguing that Malone's guilty plea was not knowing and voluntary and that he was not sufficiently advised before the plea of the possible guideline sentence to which he was subject.

The court of appeals ruled against Malone, upholding the validity of the plea. *United States v. Malone*, 478 F. App'x 50, 51-52 (4th Cir. 2012) (unpublished).[5] The court found that Malone's responses during the plea colloquy had been "appropriate and reflected his ability to understand the questions." *Id.* at 52. Rejecting Malone's argument that he had been confused over the charges to which he was pleading, the Fourth Circuit found that "the [trial] court was careful to clear up the confusion and ensure that Malone understood exactly the count and charges to which he was pleading guilty." *Id.*

---

[4] *Anders v. California*, 386 U.S. 738 (1967).

[5] The court of appeals expressly did not address the validity of Malone's waiver of appeal rights, because the government did not rely on this waiver during the appeal. *Id.* at 51.

Although trial counsel admitted on the record that he had not provided Malone with any estimate of the sentence he faced under the sentencing guidelines, the Fourth Circuit found that such advice was not required:

> [N]either Rule 11 nor the Due Process Clause requires that a defendant be informed of a likely sentence. Instead, defendants must be made aware of the minimum and maximum sentences they face, as well as the applicability of the Sentencing Guidelines. Fed. R. Crim. P. 11(b)(1)(H), (I), (M). Malone was informed of all of these facts, and he stated that he understood. Most specifically, Malone agreed in his plea agreement that he could receive any sentence up to the statutory maximum. At his Rule 11 hearing, Malone testified that he read, signed, and initialed each page of his plea agreement and that his attorney had explained its provisions to him.

*Id.* The court found that "Malone ha[d] failed to overcome his Rule 11 testimony that he understood that there were no guarantees as to the sentence he could receive" and that "his plea was knowing and voluntary." *Id.* at 53. On these findings, the court of appeals affirmed my ruling regarding the validity of Malone's plea. *Id.*

### D. Malone's Current § 2255 Motion.

Malone then filed this second § 2255 motion, which he later amended.[6] Liberally construed, Malone's motion alleges the following grounds for relief: (1) counsel improperly advised Malone of the consequences of the first plea agreement; (2) counsel misrepresented that by accepting the third proposed plea

---

[6] ECF Nos. 212 (2255 motion) and 220 (2255 motion to amend).

agreement, Malone would receive a 15-year sentence;[7] (3) counsel was ineffective in failing to negotiate a binding plea agreement to ensure a 15-year sentence; (4) counsel was ineffective in failing to reserve Malone's right to appeal the suppression issue; (5) counsel failed to use certain tape recordings during the hearing on the motion to suppress to support an argument that the controlled drug buy from Malone was procedurally tainted; (6) counsel advised Malone to answer "yes" to all the questions at the guilty plea colloquy, which Malone did, although he did not "understand legal talk in the courtroom" (ECF No. 220, at 4.); (7) his counsel and the prosecutor altered the signed Plea Agreement to add an enhancement and change the sentence from 15 years to 27.5 years; (8) Malone did not sign an agreement to plead guilty to Count Six of the Superseding Indictment; (10) counsel did not explain to Malone the severity of the changes to the signed Plea Agreement; (11) the execution of the Plea Agreement and the guilty plea hearing occurred on the same day; (12) Malone did not agree to plead guilty to the four-level enhancement under USSG § 3B1.1; (13) the role enhancement under USSG § 3B1.1 was improperly applied because five people were not charged in

---

[7] Malone alleges that his confusion over the third proposed plea agreement was heightened by the earlier discussions of the second proposed agreement, which set his mandatory minimum sentence exposure at 20 years. Malone now claims that he rejected this second plea offer, because he "was determined to agree to nothing more than a fifteen (15) year sentence." (Def.'s Resp. to Mot. Dismiss 2.) He asserts because of counsel's failure to discuss the likely guideline range that would apply to his case, he accepted the third plea offer based on his misunderstanding that he "was agreeing to a 15 rather than a 20 year sentence." (*Id.*)

the case; and (14) the interview of Malone's codefendants was unreliable and lacked detail. Malone raises an additional claim in his response to the Motion to Dismiss: (15) counsel, as well as the prosecutor and the Court, failed to explain to Malone the meaning of the term "lesser included offense" in the third Plea Agreement.[8]

The government has filed a Motion to Dismiss, arguing that Malone's current claims are barred from review under § 2255 by his waiver of collateral attack rights. Malone has responded, making the matter ripe for disposition.

II

A. Plea Agreement Waiver of § 2255 Rights.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220. Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304

---

[8] Malone asserts that the term "lesser included offense" in the third Plea Agreement "was nothing more than a smoke-screen meant to obfuscate the length of sentence [he] would actually receive" and "provided an avenue whereby [his counsel and the prosecutor] could lead [him] to believe he faced a (15) year sentence." (Def.'s Resp. to Mot. Dismiss 2.)

U.S. 458, 464 (1938)). If the court concludes that the defendant's waiver of collateral-attack rights was knowing and voluntary, defendant "cannot challenge his conviction or sentence in a § 2255 motion," unless his claims fall outside the scope of the waiver. *Lemaster*, 403 F.3d at 220. Moreover, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion [or claim] that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22.

I previously determined in Malone's 2008 § 2255 proceeding that, based on his plea colloquy responses under oath, his guilty plea and Plea Agreement waiver of § 2255 rights were knowing and voluntary and, therefore, valid. *Malone*, 2009 WL 4571795, at *4. This ruling on the validity of Malone's waiver was undisturbed by the Fourth Circuit's opinion granting Malone a new appeal. *See Malone*, 442 F. App'x at 865-66 (noting that certificate of appealability was granted only as to "issue of whether Malone received ineffective assistance of counsel when his attorney allegedly failed to properly consult with him regarding an appeal"). I need not reconsider in this subsequent § 2255 proceeding issues already decided in the prior case.[9] *In re Williams*, 444 F.3d 233, 236 (4th Cir.

---

[9] "[W]hen a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the counter of collateral attacks pursued is reset to zero." *In re*

2006) (holding that "circuit precedent and common sense dictate that a habeas petitioner cannot be allowed to resurrect claims previously denied on the merits simply because the district court has granted relief on an appeal claim").

Moreover, the court of appeal expressly held that Malone's guilty plea, pursuant to the Plea Agreement, was knowing and voluntary and that counsel was not constitutionally required to provide Malone with an estimate that his guidelines sentence would exceed the 15-year mandatory minimum sentences stipulated in the Plea Agreement. *Malone*, 478 F. App'x at 51-52. The court specifically considered Malone's claim that his "seventh grade education, limited ability to read and write, and a memory allegedly impaired by medication" prevented him from entering a valid plea, but rejected this argument, based on his colloquy responses. *Id.* at 52. In addition, the court ruled that the trial court adequately alleviated confusion over the charges to which Malone was pleading. *Id.* Malone cannot relitigate under § 2255 issues already decided by on appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Liberally construing Malone's current § 2255 motion, his claims and arguments now before the court are not identical to the claims raised and denied in

---

*Goddard,* 170 F.3d 435, 438 (4th Cir.1999) (internal quotation marks and citation omitted).

his prior § 2255 motion.[10] Given the findings that Malone entered a valid guilty plea under the Plea Agreement and a valid waiver of his § 2255 rights, however, his current claims are waived unless he demonstrates extraordinary circumstances undermining the verity of his colloquy statements. *Lemaster*, 403 F.3d at 221-22. For the reasons stated, Malone makes no such showing.

Malone makes certain allegations of ineffective assistance that occurred prior to his entry of the guilty plea, being Claims (1) through (7), (10), and (15). Each of these claims, however, necessarily rests on assertions directly contradictory of statements Malone made during the plea colloquy.[11] During the plea hearing, Malone affirmed his satisfaction with counsel's performance and failed to voice any of his current complaints about counsel's alleged deficiencies in litigating the motion to suppress, failing to reserve a right to appeal denial of that motion, offering insufficient advice about the prior plea offers, and failing to negotiate a binding plea agreement.

---

[10] *See Williams*, 444 F.3d at 237 (finding that "to the extent that Williams files a habeas petition in the district court that includes claims previously denied on the merits, the district court is bound, under [*United States v. Winestock*, 340 F.3d 200, 205-07 (4th Cir. 2003)] to provide Williams with the option of omitting the repetitive claims or having the entire petition treated as second or successive"). While Malone asserts that his waiver of § 2255 rights is invalid, his claims for relief under § 2255 are based on allegations of ineffective assistance of counsel and court error, all slightly different than the allegations he raised in his initial § 2255 motion.

[11] In my opinion, dismissing the majority of Malone's prior § 2255 claims as waived under his Plea Agreement, I reviewed his plea colloquy statements at length, and will not repeat that exercise here. *Malone*, 2009 WL 4571795, at *2.

Moreover, during the colloquy, I discussed many of the issues about which Malone now alleges counsel failed to inform him or misinformed him. I advised Malone that it was important for him to fully understand the court's inquiries and to ask questions if he did not understand. Malone indicated in open court, under oath, that he understood the proceedings, the Plea Agreement terms and consequences, the charges to which he was pleading guilty, and the rights he was waiving under the agreement, including the right to bring this § 2255 action. Malone affirmed that no one had promised him any particular outcome, that he understood the minimum and maximum sentences applicable to the charges at issue, and that the particular sentence to be imposed would be determined by the court under the sentencing guidelines after preparation of the PSR.

Because Malone's allegations of ineffective assistance related to his guilty plea are in direct contradiction of his sworn testimony during the plea hearing, these claims are "palpably incredible." *Lemaster*, 403 F.3d at 221-22. Therefore, I will grant the Motion to Dismiss as to Claims (1) through (7), (10), and (15). Such frivolous claims of ineffective assistance cannot constitute extraordinary circumstances undermining confidence in the plea hearing statements on which I found Malone's guilty plea and waiver of his § 2255 rights to be valid. Accordingly, I find that Malone's remaining Claims (8), (9), and (11) through (14)

are barred from review under § 2255 by his valid waiver of collateral attack rights.[12] For these reasons, the Motion to Dismiss will be granted.

III

For the stated reasons, I will grant the Motion to Dismiss and deny relief on Malone's § 2255 motion. A separate Final Order will be entered herewith.

DATED: May 24, 2013

/s/ James P. Jones
United States District Judge

---

[12] Malone's claims also fail to state any ground for relief under § 2255, because they are either unsupported by the evidence in the record or foreclosed by previous judicial findings.